[No. 18389.   Department Two.   May 14, 1924.]

*In the Matter of the Estate of* FRED R. BROWN, *Deceased.*

FRANK C. OWINGS, *Appellant,* v. KATIE BRACKETT *et al., Respondents.*[1]

Appeal from an order of the superior court for Thurston county, Wilson, J., entered October 15, 1923, fixing the amount of an attorney's fees upon final settlement and distribution of an estate. Affirmed.

*Thos. L. O'Leary,* for appellant.
*Poe, Falknor, Falknor & Emory,* for respondents.

PER CURIAM.—One Fred R. Brown died testate on November 26, 1918, leaving an estate appraised at a valuation exceeding a quarter of a million dollars. The will of the decedent was admitted to probate on December 2, 1918. The appellant Owings, who had been for a number of years the personal attorney of Mr. Brown, was employed by the executors named in the will as the attorney for the estate. He acted in that capacity until the decree of distribution was entered on October 15, 1923. In this decree the trial court made an allowance to Mr. Owings for his services as such attorney, and, feeling aggrieved thereat, he appeals to this court, asking that the allowance made by the trial court be increased.

An examination of the record discloses that the estate involved many diversified interests, requiring on the part of Mr. Owings the prosecution and defense of a number of actions in court, as well as the examination of many intricate legal questions, to enable him properly to advise the executors as to their duties. But we think it would serve no useful purpose to go into these matters in detail. While we all freely concede that the labor performed by him for the estate was arduous, was well performed, and was valuable to the estate, it is the opinion of a majority that the allowance made by the trial judge is sufficiently remunerative. The order, therefore, will stand affirmed.

[1]Reported in 225 Pac. 1118.